F. Christopher Austin (Nevada Bar No. 6559)
caustin@weidemiller.com
Ryan Gile (Nevada Bar No. 8807)
rgile@weidemiller.com
**WEIDE & MILLER, LTD.**
Bank of Nevada Bldg., 5th Floor
7251 West Lake Mead Blvd., Ste. 530
Las Vegas, Nevada 89128
Telephone: (702) 382-4804
Facsimile: (702) 382-4805

Samuel Castor, (Nevada Bar No. 115320)
sam@switch.com
**SWITCH, LTD.**
7135 S. Decatur Blvd.
Las Vegas NV, 89144
Telephone: (702) 333-6566

*Attorneys for Plaintiff Switch, Ltd.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>The PUBLIC UTILITIES COMMISSION OF NEVADA, a Nevada Administrative Agency; The REGULATORY OPERATIONS STAFF OF THE PUBLIC UTILITY COMMISSION OF NEVADA, a department within the PUCN; NEVADA POWER d/b/a NV Energy, a Nevada Public Utility and Monopoly; ANTHONY SANCHEZ, Esq., an individual; ELIZABETH ELLIOT, Esq., an individual; and CAROLYN "LINA" TANNER, Esq., an individual;<br><br>Defendants. | Case No.:  2:16-cv-01629-JCM-CWH<br><br><br>**PRELIMINARY INJUNCTION ORDER** |

This Court having reviewed and considered Plaintiff Switch, Ltd.'s Emergency *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction ("Plaintiff's Motion") and Reply in support of the same (Docs. 2 and 21), Defendant Carolyn E. Tanner's Joinder in with

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

1

1  the Limited Opposition to Motion for Preliminary Injunction Filed by the Public Utilities
2  Commission of Nevada ("PUCN") and Regulatory Operations Staff of the PUCN (Doc. 12), and
3  having considered the responses of the other named yet unserved defendants in this action (Docs.
4  10, 11, 13, and 19), together with all supporting exhibits to all briefings filed, and for other good
5  cause shown:

6  **THE COURT HEREBY FINDS THAT:**

7  1. Carolyn "Lina" Tanner, Esq. ("Defendant TANNER") served as General
8  Counsel for the Defendant, the Public Utilities Commission of Nevada ("PUCN") where she
9  served in that capacity for over three (3) years, and her duties included ensuring the propriety and
10  legality of PUCN activities and proceedings until she promptly resigned on June 16, 2016; one
11  day following a complaint at a public PUCN hearing which exposed Defendant TANNER's use
12  of social media to discuss dockets pending before the PUCN.

13  2. Plaintiff Switch discovered TANNER's activities a few days after June 16,
14  2016; when TANNER's activity was exposed by a Nevada lobbyist, Fred Voltz.

15  3. Plaintiff became aware that TANNER had used the false name
16  "DixieRaeSparx", "#DixieRaeSparx" or "@DixieRaeSparx" (each referred to herein as the
17  "Handle" or the "Twitter Account" when referencing the Handle on Twitter.com) on social media
18  to publicly discuss renewable energy and Plaintiff's request to unbundle from the electric utility
19  monopoly Defendant Nevada Power Company and other PUCN proceedings during the pendency
20  of that request.

21  4. TANNER also maintained a blog (www.dixiereasparx.com) with the
22  assistance of WordPress.com, and other social media accounts using variations of the Handle on
23  Twitter, Pinterest, Etsy, LinkedIn, SoundCloud, Instagram, and other platforms.

24  5. TANNER communicated with other government officials via social media
25  including during government hearings.

26  6. TANNER has since deactivated and has attempted to permanently delete,
27  destroy or hide certain of her social media accounts and social media activity.

28  7. TANNER's social media postings and related documentation about matters

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

1  pending before the PUCN are documents subject to Plaintiff's NRS 239.0107 Open Records
2  Request.

3      8.    Twitter's deactivation policy is such that unless a request for Twitter
4  records to be preserved is made by the individual, law enforcement such as the AG's office
5  conducting a criminal investigation, or a court, all records of a deactivated account will be
6  permanently deleted as early as thirty (30) days from deactivation. Twitter's policy also states
7  that a user who has attempted to deactivate an account, can enter into an arrangement with Twitter
8  regarding its destruction or reactivate an account simply by logging into the account within the
9  thirty (30) day post deactivation window.

10      9.    TANNER deactivated her Twitter account twice, attempting to destroy
11  evidence and putting the evidence at jeopardy, shortly after her actions were exposed on June 15,
12  2016. The record of TANNER's Twitter account is at imminent risk of permanent destruction if
13  not enjoined.

14      10.    On July 18, 2016, this Court issued an Emergency Order for Temporary
15  Restraining Order and Preliminary Injunction (Doc. 7). Pursuant to that Order, Defendant
16  TANNER was ordered to cease all destruction of any evidence of or associated with social media
17  accounts used by Defendant TANNER and to sign into and reactivate her Twitter Account by July
18  18, 2016, among other requirements.

19      11.    On July 21, 2016, TANNER filed her response to Plaintiff's Motion (Doc.
20  12) and stated that she had unsuccessfully attempted to log back into Twitter after being served
21  with the Order on July 18, 2016, but could not because her password would no longer work and
22  as such, she has been unable to restore the Twitter documents which she stated "appear" to have
23  been deleted pursuant to her earlier request (Doc. 12-1).

24      12.    TANNER also relayed that she had learned of Plaintiff's concern that she
25  would destroy records on her social media accounts as early as July 14, 2016, but took no action
26  to either restore or preserve such records or social media accounts.

27      13.    As Defendant TANNER has already taken steps to destroy the evidence at
28  issue and took no effort to either preserve such evidence or to restore it prior to the issuance of

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

1  the Court's Order on July 18, 2016, Plaintiff seeks a preliminary injunction continuing the
2  obligations of the Order (Doc. 7) during the pendency of this action.

3  14. Plaintiff's Motion is simply an effort to unwind TANNER's attempts to
4  destroy discoverable documents during the pendency of this action and to take all possible actions
5  necessary to restore any records lost by TANNER's termination and deletion of certain of her
6  social media accounts.

7  15. Pursuant to the requirements of Fed. R. Civ. P. 65, Plaintiff has shown that
8  it will likely succeed on the merits of its relevant claim with regard to Defendant TANNER
9  obligating her under NRS 239 to preserve and maintain evidence and public records, including
10 TANNER's postings and online activity discussing Plaintiff.

11 16. Plaintiff will suffer permanent and irreparable harm and injury absent a
12 preliminary injunction ordering Defendant TANNER to take all possible actions to reactivate her
13 Twitter account and enjoining Defendant TANNER from further destroying any other
14 discoverable evidence regarding the issues raised in this matter, including any other social media
15 accounts she may have used.

16 17. Plaintiff Switch will suffer permanent and irreparable harm and injury
17 absent an order from this Court which orders Defendant TANNER's third party social media
18 account providers acting in concert with her or at her direction, including Twitter.com, to preserve
19 and make public any of her social media accounts and prevent them from being deleted or
20 transferred absent an order from this Court.  Absent this Order, Plaintiff will be deprived of the
21 ability to recover tweets and other social media activity including likes, shares, direct messages,
22 private messages, instant messages or other evidence of TANNER's discoverable activity online.

23 18. The balance of the equities tips demonstrably in favor of Plaintiff Switch
24 because issuance of the preliminary injunction would merely preserve the status quo, including
25 preserving all discoverable evidence in this case, pending trial, while the burden on Defendant
26 TANNER to preserve and maintain such records and to take all possible action to recover deleted
27 records is minimal.  Similarly, the burden on Defendant TANNER's third party social media
28 account providers such as Twitter.com and WordPress.com to preserve or restore deleted accounts

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

4

1  is minimal in comparison with the irreparable damage Plaintiff would incur by the permanent loss
2  of such records.
3      19.    Not only is there is no likelihood of harm to the public from the issuance
4  of the preliminary injunction order now being granted, such an order furthers the public interest
5  in enjoining activities that are likely to destroy discoverable evidence relevant to the affairs of a
6  public utility.
7      IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:
8      1.    Plaintiff's request for a Preliminary Injunction Order is hereby
9  GRANTED.
10     2.    Defendant TANNER shall cease all destruction of any evidence of or
11 associated with social media accounts used by Defendant TANNER; specifically, TANNER's
12 social media accounts using the name "@DixieRaeSparx", "#DixieRaeSparx", or
13 "DixieRaeSparx" (the "Handle" or the "Twitter Account" when referencing the Handle on
14 Twitter.com) and TANNER's blog posts on a WordPress blog maintained by TANNER on
15 www.DixieRaeSparx.com (the "Blog").
16     3.    Defendant TANNER and all persons or entities in active concert,
17 participation, or privity with Defendant TANNER,
18     shall immediately cease all destruction of any
19 evidence of or associated with any social media accounts used by Defendant TANNER.
20     4.    Defendant TANNER shall take all possible action to reactivate her Twitter
21 Account and the Blog immediately to ensure the evidence of conduct previously posted on the
22 same is restored and not permanently deleted.
23     5.    Defendant TANNER will reactivate and take all measures to reactivate and
24 preserve for discovery all data previously posted on the webpage DixieRaeSparx.com, including
25 hard-drive and archived copies.
26 / / /
27 / / /
28 / / /

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

5

6. Plaintiff maintain the nominal bond of hundred dollars ($100) previously posted with the Court because the evidence indicates that Defendant will suffer only minimal, if any, damage by the issuance of this preliminary injunction order.

IT IS SO ORDERED July 27, 2016.

_____
The Honorable James C. Mahan
United States District Court Judge

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

6